UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW NILON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATURAL-IMMUNOGENICS CORP, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 12-cv-00930-BGS <br><br> **ORDER DENYING MOTION TO DISMISS OR TO TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA [doc. #3]** |

On April 23, 2012, Defendant Natural-Immunogenics, Corp. ("Defendant") filed a motion to dismiss based on improper venue, or alternatively, to transfer the action to the Southern District of Florida. [Doc. #3.] The motion has been fully briefed.

The Court found this motion suitable for determination on the papers submitted and without oral argument. [Doc. #6.] For the following reasons, the Court **DENIES** Defendant's motion to dismiss or to transfer the action to the Southern District of Florida.

**I.   BACKGROUND**

Plaintiff is a resident of California. (Complaint ¶ 5.) Defendant is a Florida corporation with its principle place of business in Pompano Beach, Florida. (Def.'s Motion 3:6-7.) Defendant manufactures, markets, and sells the "Sovereign Silver" line of products as colloidal silver hydrosol dietary supplement. (Complaint ¶ 1.)

Plaintiff alleges that Defendant advertised its "Sovereign Silver" products to have the

ability to support consumers' immune systems. (Complaint ¶ 2.) He relied on Defendant's representations regarding their product when he purchased "Sovereign Silver" in California. (Complaint ¶ 5.) "Sovereign Silver" did not provide Plaintiff with the immune support that Defendant had advertised. (Complaint ¶ 13.) Plaintiff alleges that he would not have purchased "Sovereign Silver" but for this representation. (Complaint ¶ 15.)

On March 5, 2012, Plaintiff initiated this action in the Superior Court of the State of California, County of San Diego. [Doc. #1.] In his Complaint, Plaintiff alleges three causes of action: (1) Violation of the Consumers Legal Remedies Act (Cal. Civ. Code §1750); (2) Violation of California's False Advertising Law (Cal. Bus. & Prof. Code §17500); and (3) Unlawful, Fraudulent & Unfair Business Practices (Cal. Bus. & Prof. Code §17200). On April 16, 2012, Defendants removed the action to this Court. [Doc. #1.]

Defendants move to dismiss for improper venue pursuant to Rule 12(b)(3), or alternatively, to transfer this action to the United States District Court for Southern District of Florida under 28 U.S.C. § 1404(a). [Doc. #3.] Plaintiff opposes the motion.

**II.   DISCUSSION**[1]

    **A.   Motion to Dismiss Based on Improper Venue**

Under Section 1391(b) of Title 28 of the United States Code,

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

A defendant may raise the defense of improper venue by way of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3). If the Court determines venue is improper, it may dismiss the case, or if it is in the interest of justice, the Court may transfer the case to any

---

[1] Neither party adequately addresses the issue of whether Defendant has sufficient minimum contacts with California to establish personal jurisdiction. Accordingly, the Court finds it unnecessary to discuss this issue.

other district in which it could have been brought. 28 U.S.C. § 1406(a); *Dist. No. 1, Pac. Coast Dist. v. Alaska*, 682 F.2d 797, 799 n.3 (9th Cir. 1982). Ultimately, the decision whether to dismiss or transfer rests in the Court's sound discretion. *See King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir. 1992).

Defendant argues that venue is improper here because Plaintiff has failed to plead any facts showing that the alleged acts took place in California or that Defendant conducted business in California. (Def's Motion 5:26-28.) Plaintiff claims that venue is proper because Defendant sells "Sovereign Silver" in California and Plaintiff purchased the product in California. (Complaint ¶ 5.) The Court concludes that venue is proper because the alleged events that led Plaintiff to purchase the product (*i.e.*, Defendant's alleged false advertising) took place in California. The transaction that gave Plaintiff a private right of action also took place in California. Accordingly, Defendant's motion to dismiss for improper venue is DENIED.

### B.     Motion for Change of Venue under 28 U.S.C. § 1404(a)

Section 1404(a) of Title 28 of the United States Code provides that even when venue is proper, the court has discretion to transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this section is to "prevent the waste 'of time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26-27 (1960)). The party requesting the transfer bears the burden of showing that the balance of conveniences weighs heavily in favor of the transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

To support a motion to transfer under § 1404(a), the moving party must first show the proposed transferee court possesses subject matter jurisdiction over the action, the parties would be subject to personal jurisdiction in the transferee court, and venue would have been proper in the transferee court. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *A.J. Indus., Inc. v. United*

*States Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 386 (9th Cir. 1974). Once this threshold requirement has been established, the Court next looks at whether the convenience of parties and witnesses, and the interests of justice favor transfer. 28 U.S.C. § 1404(a). In the Ninth Circuit, courts weigh several considerations when determining whether transfer is appropriate: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses and availability of compulsory process; (4) ease of access to the evidence; (5) feasibility of consolidation of other claims; (6) familiarity of each forum with the applicable law; (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each forum. *Decker Coal*, 805 F.2d at 843; *see Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000), *cert. denied*, 531 U.S. 928 (2000).

Defendant does not contest subject matter jurisdiction or personal jurisdiction in their motion. The parties do not expressly dispute whether the court in the Southern District of Florida would have jurisdiction over this claim. Plaintiff argues that a substantial part of the events giving rise to his claim took place in California. Defendant claims that transfer should be granted in the interest of justice and for the convenience of the parties and witnesses. Applying the personal jurisdiction analysis above, it is not likely that Florida would have personal jurisdiction over Plaintiff. He has no minimum contacts with Florida nor is he within reach of a long-arm statute. *See International Shoe Co. V. Washington,* 326 U.S. 310, 319; *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Although the Court has concluded that Florida would likely lack personal jurisdiction over Plaintiff, the Court will continue with the analysis.

### 1.     **Plaintiff's Choice of Forum**

Plaintiff chose to litigate his claim in California. (Complaint ¶ 5.) He resides in San Diego, California, and his claim arises out of his purchase of Defendant's product in California. *Id*. It is undisputed that Defendants do not reside in California. Plaintiff alleges that Defendant is amenable to California courts because they advertise and sell their "Sovereign Silver" products in the state. (Complaint ¶ 9.) Additionally, Plaintiff claims that Defendant has benefitted from having their products sold in California with substantial profits. Therefore, it is reasonable to find that a substantial part of Plaintiff's claims arose in California. Furthermore, the Southern

District of California does have an interest in Plaintiff and his claim. Because the "operative facts" relating to Plaintiff's claim occurred within this forum, the Court gives Plaintiff's choice of forum substantial weight. Accordingly, the Court finds that the convenience of the parties weighs in favor of retaining the action in this forum.

### 2. Location of Witnesses and Documentary Evidence

One of the most important factors in weighing whether to transfer an action is the convenience of the witnesses. *In re Eastern Dist. Repetitive Stress Injury Litig.*, 850 F. Supp. 188, 194 (E.D.N.Y. 1994). To demonstrate inconvenience, the moving party:

> should produce information regarding the identity and location of the witnesses, the content of their testimony, and why such testimony is relevant to the action. The court will consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues in the case.

*Steelcase, Inc. v. Haworth, Inc.*, 41 U.S.P.Q.2d 1468, 1470 (C.D. Cal. 1996) (citation omitted).

Defendant contends that it is a resident of the State of Florida and all of its witnesses and documents are located in Florida. (Def.'s Motion 4:13). But Defendant, as the moving party, failed to specifically identify any of the anticipated witnesses in its motion. Instead, it makes the general statement that all of the important witnesses reside in Florida. It is undisputed that many of the documents crucial to this litigation are in Florida. Defendant's company is headquartered in Florida and the studies on "Sovereign Silver" were conducted in Florida. (Def.'s Motion 5:13). Undoubtedly, it is more convenient for Defendant if this action were to proceed in Florida, but it fails to explain why video depositions are unavailable to the witnesses. Also, documents can be scanned onto an electronic disk, which can save Defendant from incurring significant costs.

Taking into consideration factors from both parties, the Court finds that the location of the witnesses and documentary evidence only slightly favors Defendant's preference of forum.

### 3. Interest of Justice

"The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and the factors involving convenience of parties and witnesses are in fact subordinate." *Madani v. Shell Oil Co.*, 2008 WL 268986, *2 (N.D. Cal.,

Jan. 30, 2008) (quotation omitted); *see also Mussetter Distrib., Inc. v. DBI Beverage Inc.*, 2009 WL 1992356, *6 (E.D. Cal., July 8, 2009); *Amazon.com v. Cendant Corp.*, 404 F. Supp.2d 1256, 1261 (W.D. Wash. 2005).

California has an interest in protecting its residents from becoming victims to unlawful business practices. Furthermore, California has an interest in seeing businesses engaged in these kind of practices answer to a court within the state. Plaintiff's alleged harm occurred in California. He claims that he purchased Defendant's product because he relied on Defendant's advertisement that "Sovereign Silver" would provide immune support. Plaintiff's three causes of action fall under California law: (1) Consumers Legal Remedies Act (Cal. Civ. Code §1750); (2) California's False Advertising Law (Cal. Bus. & Prof. Code §17500); and (3) Unlawful, Fraudulent & Unfair Business Practices (Cal. Bus. & Prof. Code §17200). Although Cal. Bus. & Prof. Code §17500 has been preempted by the Consumers Legal Remedies Act, Plaintiff has two causes of action under California law remaining.

The interest of justice is not outweighed by Defendant's inconvenience of having to litigate this action in California. Plaintiff alleges that Defendant has economically benefitted from having its products sold in California–a result from the way it chose to market its product. Florida has little interest is seeing this action litigated in the state because the causes of action are brought under California laws, which are designed to protect California consumers. The Court finds that the transfer of this action to the Southern District of Florida would not serve the interest of justice.

Plaintiff's choice of forum is given substantial weight and a court will "not grant a motion under section 1404(a) unless the 'convenience' or 'justice' factors tip strongly in favor of transfer." *Madani*, 2008 WL 268986, *1; *See also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257. Neither the convenience or justice factors weigh heavily here. The aggrieved Plaintiff is located in California, the causes of action are brought under California laws, and Defendant has failed to adequately show why this case should be litigated in Florida rather than California. Accordingly, Defendant's motion to transfer venue will be denied.

///

### III. CONCLUSION

For the reasons set forth above, **IT IS ORDERED**:

1. Defendant's motion to dismiss for improper venue is **DENIED**.
2. Defendant's motion to transfer venue is **DENIED.**
3. Defendant shall answer the Complaint within the time provided by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: July 12, 2012

M. James Lorenz
United States District Court Judge

COPY TO:

HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL