# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW NILON, individually, and on behalf of all others similarly situated,, <br><br> Plaintiff, <br><br> vs. <br><br> NATURAL-IMMUNOGENICS CORP., and DOEs 1-25, Inclusive,, <br><br> Defendant. | CASE NO. 3:12cv00930-LAB (BGS) <br><br> **ORDER DENYING MOTION FOR CLASS CERTIFICATION *WITHOUT* PREJUDICE** |

Natural-Immunogenics makes and sells a colloidal silver dietary supplement that claims to provide immune support. It is called Sovereign Silver, and it is basically positively charged silver particles suspended in purified water. Nilon bought some Sovereign Silver and says it did him no good—and that there's actually no evidence that colloidal silver benefits the immune system after all.[1] So, he filed a putative class action lawsuit under California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies

---

[1] The body of Nilon's complaint focuses chiefly on the lack of evidence for collloidal silver's alleged benefits and doesn't mention his own experience with Sovereign Silver. But in a demand letter his lawyers sent to Natural-Immunogenics before filing this lawsuit they said "Our client relied on your assertions and did not experience any of the promised benefits." Also, when he alleges his actual claims he says Sovereign Silver "did not work as advertised and was not of the quality and standard advertised by Defendant" and "did not provide any of the promised benefits." (Compl. ¶¶ 27, 37, 46.)

Act, essentially accusing Natural-Immunogenics of making false and misleading statements about its product. Now before the Court is Nilon's motion for class certification.

The motion is fully briefed, and given the Court's familiarity with these kinds of cases, Nilon and Natural-Immunogenics make all of the arguments the Court would expect them to. Its inclination is to grant the motion as satisfying the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3)[2], and to certify a restitution class of Sovereign Silver purchasers who were exposed to the representations at issue and bought a product of allegedly diminished value. It almost did just this in a recent case (and didn't for a reason that's not implicated here). *See Waller v. Hewlett-Packard Co.*, Case No. 11-CV-454, Doc. No. 102 (S.D. Cal. Sept. 30, 2013). The potential restitution award, assuming liability, would be equal to the difference between the price paid for Sovereign Silver and the value actually received. If the claim is that Sovereign Silver does absolutely nothing, its value would be zero and the restitution award would be a total refund of the purchase price. But there is a threshold problem with this case that the Court can't look past.

The undersigned Judge has held, other judges of this Court have held, and other courts have held that private litigants can't bring "lack of substantiation" cases under the UCL and CLRA. It is one thing for a plaintiff to say a certain representation is actually untrue or misleading; that case passes go. It is another thing, however, for a plaintiff to say that a certain representation hasn't been shown to be true; that case does not pass go. *See Eckler v. Wal-Mart*, Case No. 12-CV-727, 2012 WL 5382218 at *1 (S.D. Cal. Nov. 1, 2012); *Stanley v. Bayer Healthcare LLC*, Case No. 11-CV-862, 2012 WL 1132920 at *3 (S.D. Cal. Apr. 3,

---

[2] The Court would not certify the class under Rule 23(b)(2) because "[c]lass certification under Rule 23(b)(2) is appropriate only where the primary relief sought is injunctive." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001). Nilon may say this case is really about injunctive relief, *see* Compl. ¶ 4, but the Court respectfully disagrees. The spirit of this case, like most false advertising cases brought under the UCL and CLRA, is that plaintiffs paid for a product that, with more accurate information, they would have either paid less for or not bought at all. Admittedly, certification under Rule 23(b)(2) can be a close call in cases where both monetary and injunctive relief is sought, *see Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 591 (C.D. Cal. 2011), but the Court would be strongly inclined to limit the analysis to Rule 23(b)(3) in this case. *See, e.g., Diacakis v. Comcast Corp.*, Case No. 11-CV-3002, 2013 WL 1878921 at *9 (N.D. Cal. May 3, 2011); *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 541 (N.D. Cal. 2012).

2012) ("Private individuals may not bring an action demanding substantiation for advertising claims."); *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm, Inc.*, 107 Cal.App.4th 1336, 1345 (Cal. Ct. App. 2003) ("The Legislature has expressly permitted prosecuting authorities, but not private plaintiffs, to require substantiation of advertising claims."). In a very recent decision from this Court, Judge Sabraw acknowledged that "a number of district courts in the Ninth Circuit have wrestled with this issue" but indicated that he, too, would not allow a lack of substantiation case to go forward. *Hazlin v. Botanical Labs.*, 13-CV-618, Doc. No. 24 at 4–5 (S.D. Cal. Aug. 8, 2013).

Here, then, is the threshold problem with this case: Nilon's complaint is irrefutably a lack of substantiation complaint, at least as the Court reads it. The very first paragraph says Natural-Immunogenics "claims its products have the ability to support consumers' immune systems," and the very next paragraph says "In reality, not only has Sovereign Silver's alleged ability to provide immune support never been scientifically substantiated."[3] (Compl. ¶¶ 1–2.) In the "Facts" section of Nilon's complaint, the knock against Sovereign Silver comes in a single paragraph:

> In reality, Sovereign Silver's alleged ability to provide immune support has never been scientifically substantiated. In fact, '[colloidal silver] products are purported to alleviate all sorts of medical conditions and disease *but there's no substantiation for that*.' Colloidal silver '[is] not a legitimate dietary ingredient[ ]. [It] plays no role in the diet . . . [and is] not essential to the diet.'
> (Compl. ¶ 13 (emphasis Nilon's).)

That paragraph also contains a footnote quoting a 1996 article from the *Journal of Toxicology* that says "We emphasize the lack of established effectiveness and potential toxicity of these products." (Compl. ¶ 13 n.1.) If Nilon were to cite a study purporting to show that colloidal silver doesn't benefit the immune system in any way, then he might have a claim. Alternatively, if the Sovereign Silver packaging actually said its benefits have been scientifically proven (which it does not) and there are no such studies, he might have a

---

[3] The "Not only" language gives the reader the impression that some other alleged flaw will follow the lack of substantiation, but the sentence actually ends there.

claim.[4]  But as the Complaint reads now, the *only* thing Nilon has to say about Sovereign Silver is that the benefits Sovereign Silver claims haven't actually been proven, and that Natural-Immunogenics has therefore made false and misleading statements about it.  By itself, that simply doesn't give rise to the claims Nilon brings.

The Court acknowledges that it is reaching beyond the parties' own arguments and the strict Rule 23 analysis in raising this issue.  This case was transferred to the undersigned Judge in September of last year when Judge Lorenz recused, and after Judge Lorenz denied a motion by Natural-Immunogenics to dismiss for improper venue or transfer to the Southern District of Florida.  It doesn't appear that a substantive motion to dismiss was ever filed, or that this issue has previously been raised.  And to be sure, as a general rule class certification isn't the time to question "whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather, whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974).

At the same time, the rule against lack of substantiation claims seems to be both settled and fundamental, and the Court sees no reason to let things slide in this case.  Moreover, the Supreme Court has acknowledged more recently that frequently the class certification analysis "will entail some overlap with the merit's of the plaintiff's underlying claim." *Wal-Mart v. Dukes*, 131 S.Ct. 2541, 2551 (2011); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011) ("The district court is required to examine the merits of the underlying claim . . . only inasmuch as it must determine whether common questions exist; not to determine whether class members could actually prevail on the merits of their claims.").  This is one such case.  Nilon is asking the Court to run through a rigorous Rule 23 analysis for a claim that it has held in previous cases does not exist.  *See Eckler*, 2012 WL 5382218 at *2–3.

For the reasons above, Nilon's motion for class certification is **DENIED WITHOUT PREJUDICE**.  Within two weeks of the date this Order is entered, he may file an amended

---

[4] To the contrary, the packaging contains the familiar disclaimer "These statements have not been evaluated by the FDA. This product is not intended to diagnose, treat, cure, or prevent any disease." (*See* Doc. No. 21-11 at 2.)

complaint that goes beyond the lack of substantiation complaint he has filed. If he does that, the Court will promptly rule on class certification, guided chiefly by its recent decision in *Waller*. No additional briefing will be required unless the Court asks for it. Alternatively, Nilon may file a request for reconsideration that explains to the Court either (1) why this isn't a lack of substantiation case, or (2) why it should proceed anyway. If Nilon files a motion for reconsideration, the Court will either grant it and move forward to consider class certification or deny it and dismiss this case without prejudice.

A final word of caution. The "Introduction" and "Facts" section of Nilon's complaint present a very simple and intelligible case, the lack of substantiation problem aside: Natural-Immunogenics made misrepresentations about Sovereign Silver that are misleading, plaintiffs relied on them, and as a result plaintiffs paid more for the product than they otherwise would have. (In fact, they may have not bought it in the first place but for the misrepresentations.) That is precisely the kind of case the Court was inclined to certify in *Waller* and would be inclined to certify here. When Nilon actually lays out his claims in his complaint, however, certain factual allegations appear for the first time that are conclusory in nature, risk shifting the focus from Natural-Immunogenics' objective conduct to the subjective experiences of Sovereign Silver purchasers (which is an obstacle to class certification), and, on the upside, come somewhat closer to taking this case beyond the lack of substantiation variety. The Court frowns upon this kind of asymmetry. It is very important to allege a comprehensive and tight set of facts up front, and then state claims that line up with them. For example, Nilon claims that "[e]ach of the aforementioned representations alleged in this Complaint was false and misleading because the Products are not of the standard, quality or grade advertised." (Compl. ¶ 49.) This isn't a "standard, quality or grade" case, though. Nilon's claim isn't that Natural-Immunogenics' Sovereign Silver is *bad* colloidal silver; it's that colloidal silver is snake oil and Natural-Immunogenics is advertising

//
//
//

otherwise.  That being the core claim here, the Court recommends that if Nilon does amend his complaint the "Facts" section of Nilon's complaint be beefed up and his actual claims need to be tightened to correspond to it.

**IT IS SO ORDERED**.

DATED:  September 30, 2013

_Larry A. Burns_
**HONORABLE LARRY ALAN BURNS**
United States District Judge