UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW NILON, individually and on behalf of all other similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>NATURAL-IMMUNOGENICS CORP.; and DOES 1-25, Inclusive,<br><br>            Defendant.<br>_____ | Case No: 3:12-cv-00930-LAB (BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL**<br><br>**[ECF No. 49.]** |

## I. INTRODUCTION

Pending before the Court is Defendant's motion to compel class representative, Plaintiff Andrew Nilon, to attend his deposition and produce documents described in his second amended notice of deposition. [ECF No. 49.] The motion seeks monetary sanctions for Plaintiff's failure to appear at his deposition, previously scheduled for May 16, 2014. *Id*. at 11. Defendant also requests that the Court: (1) order Plaintiff to supplement his interrogatory responses; and (2) deem admitted any late responses to Defendant's requests for admission. *Id*. at 7-9. The Court has considered the parties' briefs and exhibits thereto and **GRANTS IN PART and DENIES** in part Defendant's

1

motion to compel. [ECF No. 49.]

**II. FACTUAL BACKGROUND**

**A.  Defendant's Attempts to Notice The Deposition of Lead Plaintiff Andrew Nilon**

*1. May 3, 2013, Deposition Date*

On April 18, 2013, Defendant served a Notice of Deposition on Plaintiff, which scheduled the deposition for May 3, 2013 at 10:00 a.m. in Mission Viejo, California. [*See* Exhibit C to Def.'s Brief at ECF No. 49.]  The May 3, 2013, date was a day chosen by Plaintiff's counsel.  [*See* Exhibit B to Def.'s Brief at ECF No. 49.]  On April 24, 2013, Plaintiff's counsel notified Defense counsel that Plaintiff was unavailable for deposition on May 3, 2013 and provided additional dates for deposition including May 22, 2013.  [*See* Exhibit D to Def.'s Brief at ECF No. 49.]

*2. May 22, 2013, Deposition Date*

Defendant served a new Notice of Deposition on Plaintiff, which scheduled the deposition for May 22, 2013 at 10:00 a.m.  [*See* Exhibit E to Def.'s Brief at ECF No. 49.] On the day of the deposition, May 22, 2013, Plaintiff's counsel notified Defense counsel via email that Plaintiff would not be produced for deposition.  [*See* Exhibit F to Def.'s Brief at ECF No. 49.]  Counsel for the Defendant noted Plaintiff's failure to appear on the record at the deposition.

*3. February 7, 2014, Deposition Date*

On January 3, 2014, Defendant served a First Amended Notice of Deposition on Plaintiff, which scheduled the deposition for February 7, 2014 at 10:00 a.m. in Mission Viejo, California.  [*See* Exhibit G to Def.'s Brief at ECF No. 49.]   Plaintiff's counsel failed to produce Plaintiff for deposition on February 7, 2014.

*4. May 16, 2014 Deposition Date*

On April 29, 2014,Defendant served a Second Amended Notice of Deposition on Plaintiff, which scheduled the deposition for May 16, 2014 at 10:00 a.m. in Mission Viejo, California.  [*See* Exhibit A to Def.'s Brief at ECF No. 49.]  On May 13, 2014,

counsel for the Defendant received a letter from Plaintiff's counsel refusing to produce Plaintiff for the May 16th deposition. [*See* Exhibit H to Def.'s Brief at ECF No. 49.]

### *5. The Parties' Meet-And-Confer Communications*

On June 18, 2014, the parties were telephonically connected to each other's offices by the chambers staff of Judge Skomal due to their inability to find a common time to speak.  The parties were instructed to meet-and-confer about their discovery dispute as is required under the local rules and chambers rules.  [ECF Nos. 46-47.] After meeting and conferring telephonically, the parties were unable to agree on the necessity of a deposition for Plaintiff Andrew Nilon, and consequently contacted Judge Skomal's chambers jointly on June 23, 2014 to receive a briefing schedule on Defendants' motion to compel deposition and discovery. [ECF No. 48.]

### **B.  Service of Responses to Defendant's Requests for Admission**

Defendant served its Requests for Admission ("RFA") on Plaintiff's counsel by U.S. Mail and by email on May 13, 2014.  (*See* Declaration of Carlos Negrete ("Negrete Decl." , ECF No. 49 at 18:18-20.)  Under Rule 36(a)(3) of the Federal Rules of Civil Procedure, which allows 30 days to respond to RFAs, and Rule 6(d), which extends the thirty-day deadline by three days when a response is mailed, the due date to serve Plaintiff's responses to the RFAs was June 16, 2014.[1]  Defendant states it did not receive Plaintiff's responses until June 25, 2014, nine days after the responses were required to be served.  Defendant also takes issue with the accuracy of the proof of service, which states the responses were served by mail on May 30, 2014, while the metered postage stamp on the front of the envelope in which the interrogatories were sent indicates Plaintiff's responses were mailed on June 16, 2014.   [*See* Exhs. I and J to Defendants' Mtn. at ECF No. 49, pp. 90-92.]

---

[1] Because the thirty-third day fell on Sunday, June 15, 2014, the deadline for responding was extended under Rule 6(a)(1)C of the Federal Rules of Civil Procedure which states "if the last day is a Sunday...the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday."

## III. STANDARD OF REVIEW

### A. Motion to Compel

The general authority to apply to the court for a motion to compel is derived from Rule 37 of the Federal Rules of Civil Procedure. Rule 37 states that the motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See* Fed.R.Civ. P. 37(a)(1). Judge Skomal's chambers rules and Civil Local Rule 26.1 similarly require counsel to meet and confer in-person or telephonically concerning any disputed issue before the Court will entertain a motion to compel. Civ. Local R. 26.1(a). The local rules specifically state, "[u]nder no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence." *Id.*

In addition to a meet-and-confer requirement, Judge Skomal's chambers rules prohibit stale controversies and advise the parties that the Court will not rule " on a discovery dispute that is brought to [Judge Skomal's] attention more than thirty (30) days after the date upon which the event giving rise to the dispute occurred absent good cause."

### B. Failure to Attend Deposition

Federal Rule of Civil Procedure 30 (d)(2) provides:

"The court may impose an appropriate sanction - including the reasonable expenses and attorney's fees incurred by any party - on a person who impedes, delays, or frustrates the fair examination of the deponent."

Fed.R.Civ. P. 30(d)(2).

Similarly, Federal Rule of Civil Procedure 37(d)(1)(A)(I) states:

"Motion; Grounds for Sanctions. The Court where the action is pending may, on motion, order sanctions if a party ... fails after being served with proper notice, to appear for that person's deposition."

Fed.R.Civ. P. 37(d)(1)(A)(I).

Specifically, the sanction authorized by Rule 37 directs the Court to "require the

party failing to act, the attorney advising that party, or both to pay reasonable attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ. P. 37(d)(3).

### C.  Time in Which to Respond to Requests For Admission

Under Rule 36(a)(3) of the Federal Rules, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Rule 29 allows the parties to stipulate to a shorter or longer time for responding, and the court may also shorten or extend the 30-day time period under Rule 36. *See* Fed.R.Civ. P. 36(a)(3).

## IV. DISCUSSION

### A. Motion to Compel and For Sanctions As To The Unattended Depositions of Lead Plaintiff

In this matter, four dates were noticed for lead Plaintiff, Andrew Nilon's deposition: May 3, 2013; May 22, 2013; February 7, 2014; and May 16, 2014. Mr. Nilon did not attend any of the depositions. The parties did not contact the Court, however, until June 18, 2014, to resolve the issue of Plaintiff's failure to attend a deposition. Under Judge Skomal's chambers rules, the Court will not decide a discovery dispute that has been raised with the court more than 30 days after the occurrence of the date giving rise to the dispute. Accordingly, the Court will not rule on the legitimacy of Plaintiff's failure to appear at the depositions noticed for May 3, 2013; May 22, 2013; and February 7, 2014. The appropriate time for bringing these disputes to the Court's attention has past by six months in one instance and by one year with respect to the remaining two depositions which were noticed to take place *in 2013*. Defendant has not demonstrated good cause for the Court to unearth those old disputes; therefore, its motion to compel and motion for sanctions based on the May 3, 2013; May 22, 2013; and February 7, 2014 depositions are **DENIED**.

As to the deposition noticed for May 16, 2014, Defendant asks the Court: (1) to compel Mr. Nilon to appear for a future deposition; and (2) to sanction him for failing to appear. [ECF No. 49 at 7:7-14.] Defendant contends generally that by being unable to take Plaintiff's deposition, it has been unfairly prejudiced, especially now that the July 11, 2014, fact discovery deadline has passed. *Id.; see also* ECF No. 45, Court's April 29, 2014 Scheduling Order at ¶ 1. Defendant also suggests that Plaintiff's pattern of non-cooperation and cancellation suggests that Andrew Nilon does not exist or is not a true participant in this lawsuit. *Id.* at 10:11-14.

In response, Plaintiff's counsel states that on June 18, 2014 and on June 23, 2014, he proposed a stipulation to substitute a new class representative and immediately schedule that substituted class representative's deposition, but Defendant's counsel refused the offer. *See* Ferrell Decl. at ¶2. Plaintiff subsequently filed a motion to substitute class representative on July 9, 2014, which is set for hearing before the Hon. Larry A. Burns on August 18, 2014. [ECF No. 52.] Andrew Nilon opposes the taking of his deposition and Plaintiff's counsel has not attempted to reschedule Mr. Nilon's deposition with Defendant's counsel.

While the Court acknowledges that Mr. Nilon currently has a motion to substitute a new class representative in this action, he, nevertheless, is still the named Plaintiff in this matter and as a party, Defendant is entitled to take his deposition. Fed. R.Civ. P. 30(a)(1). Therefore, the Court **GRANTS** Defendant's motion to compel the deposition of Andrew Nilon.[2] Mr. Nilon will sit for his deposition **no later than August 15, 2014.** *See Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625 (C.D. Cal

---

[2]Under Fed. R. Civ. P. 30(b)(2), Defendant was authorized to include a request for production of documents with its deposition notice. However, in accordance with Fed.R.Civ. P. 34(b)(2), Defendant was required to give Plaintiff 30 days to object, which Defendant failed to do. Therefore, the Court declines to order Plaintiff to respond to the document request that accompanied the May 16, 2014 deposition notice. *See e.g. Dowling v. Cleveland Clinic Foundation*, 593 F.3d 472, 479 (6th Cir. 2010)(explaining that where the deposition witness is a party, he must be given 30 days to raise objections so as not to circumvent Rule 34.)

2011) (holding that the named plaintiff in a class action was subject to deposition despite the fact that he had a pending motion to be dismissed from the action because his anticipated testimony was relevant to class certification issues as well as the merits of the consumer claims against the defendants' weight-loss products.)

The Plaintiff's pattern of avoiding his duly-noticed depositions deeply troubles the Court and but for the 30-day deadline requiring discovery disputes to be brought to the Court's attention, Plaintiff's counsel would likely have been sanctioned for the spate of excessive cancellations at an earlier point in this litigation.  Defendant's failure to bring this behavior to the Court's attention at an earlier time is inexcusable.  Nonetheless, sanctions are in order under Federal Rule of Civil Procedure 30 (d)(2) and Federal Rule of Civil Procedure 37(d)(1)(A)(I) because Mr. Nilon, the only named party plaintiff in this action, failed to appear for his deposition on May 16, 2014,[3] and Plaintiff's counsel frustrated attempts to take Mr. Nilon's deposition by refusing to meet-and-confer with defense counsel to reschedule the May 16, 2014 deposition.

Specifically, Rules 30 and 37 direct the Court to require the party failing to attend his deposition, the attorney advising that party, or both to pay reasonable attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.  Fed.R.Civ. P. 37(d)(3); *see also* Fed. R. Civ. P. 30 (stating "court may impose an appropriate sanction - including the reasonable expenses and attorney's fees incurred by any party.").  Although Plaintiff argues sanctions are unwarranted because a new class representative is waiting in the wings to take his place, this new development does not constitute the substantial justification needed to avoid sanctions in this situation.  Defendant served the Second Amended Notice of Deposition on Plaintiff on April 29, 2014.  The deposition was scheduled to take place on for May 16, 2014.  Plaintiff's counsel

---

[3] Fed. R. Civ. P. 30(b)(1) requires reasonable written notice of deposition.  The Second Amended Notice of Deposition of Plaintiff was served on April 29, 2104, which is a reasonable amount of time to prepare for a May 16, 2014 deposition.

cancelled the deposition on May 13, 2014, but inexplicably did not file his motion to substitute Mr. Nilon as a class representative until July 9, 2014.  The Court notes that the motion to substitute was filed *after* the Defendant finally brought Mr. Nilon's failure to appear to the Court's attention and *after* the Defendant filed the instant motion to compel.  Plaintiff's counsel has provided no explanation for why he did not reschedule Plaintiff's deposition, or file the motion for substitution, in May of 2014.

Plaintiff's law firm, Newport Trial Group, is **HEREBY SANCTIONED and ORDERED** to pay the reasonable expenses and attorney's fees incurred by the Law Office of Carlos Negrete in: (1) noticing the May 16, 2014 deposition date and (2) preparing the instant motion to compel.  The Court will set the amount of the sanction and the due date for payment following receipt of an updated declaration from the Law Office of Carlos Negrete as explained below.

**IT IS FURTHER ORDERED** that **no later than August 8, 2014,** Attorney Negrete shall provide the Court with a supplemental declaration as to the expenses and attorney's fees his client incurred to notice the May 16, 2014 deposition and prepare the motion to compel.  The present declaration in support of Defendant's motion is inaccurate in that it requests attorney's fees for attendance at the pre-scheduled hearing on the motion to compel, which was not held because the Court exercised its discretion to take the matter under submission in accordance with Civil Local Rule 7.1(d)(1).

**B.  Motion to Deem Admitted Defendant's Requests for Admission**

Defendant seeks to have Plaintiff's responses to its Requests for Admission deemed admitted because the responses were not received by Defendant until June 25, 2014, although they were due to be served on June 16, 2014.  Plaintiff opposes Defendant's request, arguing the responses were properly served by mail on June 16, 2014, as the date-stamp on the envelope indicates.

The parties are essentially arguing over a nine-day delay.  As noted in the Standard of Review in Section III© above, Rule 36 allows for a shorter or longer time

to respond to Requests for Admission if so ordered by the court. Fed.R.Civ. P. 36(a)(3). Courts construing motions to deem requests admitted after only a brief delay in receiving responses, have looked to whether the failure to receive the responses in a timely fashion caused any prejudice to the propounding party. *See A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 257 (C.D. Cal. 2006)(declining to deem requests for admission admitted where the delay amounted to a total of two days and plaintiff failed to show prejudice.) Defendant has demonstrated no prejudice as a result of the nine-day lag in receiving Plaintiff's responses to the Requests for Admission and its motion to deem responses admitted is **DENIED** on that basis. In addition, Defendant's motion is **DENIED** on the grounds that Defendant has failed to provide the Court with a copy of the RFA responses of which it complains. The Court will not deem admitted, nor compel Plaintiff to amend, responses to Requests for Admissions that have not been provided to the Court to read and review.

### C.  Motion to Order Amendment or Supplementation of Plaintiff's Interrogatory Responses

Defendant finally argues Plaintiff's responses to its first set of interrogatories are inadequate and boilerplate. [ECF No. 49 at 7:19-25.] Plaintiff's counsel responds that Defendant's counsel has never met-and conferred with him regarding the allegedly deficient interrogatory responses. [ECF No. 52-1 at 2:20-22.] As noted in the Standard of Review in Section III(A) above, the Court will not countenance a Rule 37 motion without certification that the parties have made a good faith attempt to resolve the dispute informally. Because Defendant did not meet and confer with Plaintiff's counsel regarding its request for amendment or supplementation, Defendant's motion to compel is **DENIED.**

In addition, the Court notes that while Defendant's motion to compel includes argument contending the substance of Plaintiff's responses to its interrogatories is insufficient, Defendant does not provide the Court with the numbers and text of the

interrogatories at issue, nor does it provide the Court with a copy of the text of Plaintiff's responses.  Without the opportunity to see and analyze the discovery material at issue, the Court cannot rule on Defendant's request that Plaintiff amend or supplement his interrogatory responses; therefore, Defendant's motion to compel further interrogatory responses is **DENIED** on that ground as well.  *See Funetes v. Knowles*, 2007 WL 1946619, *2 ("It is not the court's duty to go through each [discovery] request ...  in order to determine whether a response is inadequate. It is [the moving party's] duty to inform the court and [opposing counsel] of his specific objections to each of the at-issue requests. The court cannot make ... argument for [the movant].")

## V.  CONCLUSION

As the Court has explained herein, Defendant's motion to compel is **GRANTED IN PART and DENIED IN PART** as follows:

1. Defendant is entitled to take Mr. Nilon's deposition as he is the named plaintiff in this action.  The Court **GRANTS** Defendant's motion to compel the deposition of Andrew Nilon, which will take place **no later than August 15, 2014;**

2. Plaintiff's law firm, **Newport Trial Group**, is **HEREBY SANCTIONED and ORDERED** to pay the reasonable expenses and attorney's fees incurred by the Law Office of Carlos Negrete in: (1) noticing the May 16, 2014 deposition date and (2) preparing the instant motion to compel.  The amount of the sanctions shall be determined by the Court subject to the Court's receipt of a supplemental declaration from the Law Offices of Carlos Negrete;

3. **No later than <u>August 8, 2014</u>**, Attorney Negrete shall file a supplemental declaration as to the expenses and attorney's fees incurred to notice the May 16, 2014 deposition and prepare Defendant's motion to compel;

4. Defendant has failed to show it was prejudiced by the nine-day lag in receiving Plaintiff's responses to the Requests for Admission; therefore, its request to

deem its Requests for Admission admitted is **DENIED**; and

  5.  Defendant did not meet and confer with Plaintiff's counsel regarding its request for amendment or supplementation of Plaintiff's interrogatory responses, therefore, Defendant's motion to compel Mr. Nilon to amend his interrogatory responses is **DENIED**.

DATED:  July 31, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court