# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW NILON, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATURAL-IMMUNOGENICS CORP.; and DOES 1-25, Inclusive,<br><br>Defendant.<br>_____ | Case No: 3:12-cv-00930-LAB (BGS)<br><br>**REPORT AND RECOMMENDATION RE: DENIAL OF DEFENDANT'S MOTION FOR CONTEMPT AND SANCTIONS**<br><br>**[ECF No. 67.]** |

## I. INTRODUCTION

Pending before the Court is Defendant Natural Immunogenics' Motion for Contempt and Imposition of Sanctions against attorneys Scott Ferrell, Ryan Ferrell and Victoria Knowles, who are former counsel for former class representative Andrew Nilon. Natural Immunogenics seeks to hold Mr. Nilon's former counsel in contempt for failure to comply with the July 31, 2014 Order of the Court to produce Mr. Nilon for deposition. [ECF No. 67.] Pursuant to 28 U.S.C. § 636(e), the Court has reviewed the parties' briefs, declarations and exhibits and **RECOMMENDS** Defendant's Motion for Contempt and Sanctions be **DENIED.**

## II. PROCEDURAL AND FACTUAL BACKGROUND

On June 30, 2014, Defendant filed a motion to compel the deposition of Andrew Nilon. [ECF No. 49.] The motion also sought responses to written discovery. At the time Defendant filed its motion, Mr. Nilon was the only class representative in this matter. On July 9, 2014, while briefing was underway with respect to the motion to compel, Plaintiff filed a motion to substitute another member of the certified class, Mr. Giovanni Sandoval, for Mr. Nilon. [ECF No. 52.] The motion to substitute class representative was set to be heard before the Honorable Larry A. Burns.

On July 31, 2014, Magistrate Judge Skomal issued an order granting in part and denying in part Defendant's motion to compel. The Court explained its reasoning in ordering Mr. Nilon's deposition as follows:

> "While the Court acknowledges that Mr. Nilon currently has a motion to substitute a new class representative in this action, he, nevertheless, is still the named Plaintiff in this matter and as a party, Defendant is entitled to take his deposition. Fed. R.Civ. P. 30(a)(1). Therefore, the Court **GRANTS** Defendant's motion to compel the deposition of Andrew Nilon. Mr. Nilon will sit for his deposition **no later than August 15, 2014.** *See Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625 (C.D. Cal 2011) (holding that the named plaintiff in a class action was subject to deposition despite the fact that he had a pending motion to be dismissed from the action because his anticipated testimony was relevant to class certification issues as well as the merits of the consumer claims against the defendants' weight-loss products.)"

*See* ECF No. 55 at 6:17-7:4.

On August 15, 2014, Plaintiff's counsel, Ryan Ferrell, filed a motion to withdraw as attorney for Andrew Nilon. [ECF No. 61.] At the time of its filing, the motion to substitute class representative had been taken under submission by Judge Burns. [ECF No. 60.] In the declaration filed in support of the motion to withdraw, Attorney Ferrell indicated that he had been unable to contact Mr. Nilon as of July

2014. [ECF No. 61-2 at ¶4.] Specifically, Attorney Ferrell stated that: (1) his repeated phone calls to Mr. Nilon went unanswered; (2) there was no response from Mr. Nilon to three letters that Attorney Ferrell sent requesting contact; and (3) no one answered the door at Mr. Nilon's last known address. [*Id*. at ¶¶4-7.] In the motion to withdraw, Attorney Ferrell also suggested that "once the motion to substitute and the motion to withdraw are granted[,] Defendant will desire to then take the deposition [of Giovanni Sandoval] that has already been offered." [ECF No. 61-1 at4:8-9.]

On August 20, 2014,[1] The Honorable Larry A. Burns granted Plaintiff's motion to substitute class representative, ruling as follows:

> "First, the discovery deadline is not a large problem because the Court can extend it. In fact, Nilon's motion seeks to modify the governing scheduling order, and Judge Skomal's order compelling the deposition of Nilon required that it take place by August 15, 2014. Second, Nilon's mere failure to appear for a deposition is something for which his counsel has already been admonished and sanctioned by Judge Skomal. Third, and most importantly, the Court's mind the potential for prejudice arises where a plaintiff seeks to start a case all over again and negate work that's already been done, or gain a tactical advantage in litigation. *See Velazquez v. GMAC Mortg. Corp*., 2009 WL 2959838 at *4 (C.D. Cal. Sept. 10, 2009). There's no threat of that here. Whether it's Nilon or Sandoval, Nilon-Immunogenics still has to depose the lead plaintiff in this case, and as between the two of them their claims with respect to Sovereign Silver and their requests for relief are identical. The only difference is when and where they bought the product....it would seem that substituting Sandoval into this case as lead plaintiff offers a corrective to the grievances of Natural-Immunogenics. Alas, they will have a lead plaintiff who takes his responsibility seriously, and

---

[1]The Order Granting Plaintiff's motion to substitute class representative was signed by Judge Burns on August 20, 2014, but docketed on the court's Electronic Case Filing system by the Clerk's Office on August 22, 2014. *See* ECF No. 62 at p. 8.

who is immediately willing to sit through a deposition and respond to written discovery."

See ECF No. 62 at 5:14-6:13.

In the August 20, 2014 Order, Judge Burns also granted the pending motion of Attorney Ferrell and his firm, Newport Trial Group , to withdraw as attorneys for Mr. Nilon. *Id.* at 8:4-5.

### III.  STANDARD OF REVIEW

In a civil contempt proceeding, "[the moving party has the burden of showing by clear and convincing evidence that the condemners violated a specific and definite order of the court." *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir.1999). A court may exercise its civil contempt power for either of the following purposes: "to coerce the [party] into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of America*, 330 U.S. 258, 303-304, 67 S.C. 677, 91 LED. 884 (1947).

A party may be held in contempt even if its conduct was not willful. *Reno Air Racing Assen, Inc. v. Accord*, 452 F.3d 1126, 1130 (9th Cir.2006) (citations omitted). Accordingly, there is no good faith exception to the requirement of obedience to a court order. *Go-Video v. Motion Picture Assen of America*, 10 F.3d 693, 695 (9th Cir.1993).  Nevertheless, substantial compliance is a defense to an action for civil contempt. *Bala v. Idaho State Board of Corrections*, 869 F.2d 461, 466 (9th Cir.1989). Specifically, once it has been demonstrated that a party has violated a specific and definite court order, the burden shifts to the party sought to be held in contempt to prove that it "took all reasonable steps within [its] power to insure compliance." *Id.; see also Hook v. Arizona Depot of Corrections*, 107 F.3d 1397, 1403 (9th Cir.1997). Where a party has taken all reasonable steps to comply with an order, technical or inadvertent violations will not support a finding of civil contempt. *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir.1986).

## IV. DISCUSSION

Natural-Immunogenics has shown a violation of the Court's July 31, 2014 order requiring Andrew Nilon to attend his deposition no later than August 15, 2014.[2] But, this violation is hypertechnical when considering the facts and circumstances of this case. It is undisputed that the attorneys at Newport Trial Group filed a motion to substitute class representative on July 9, 2014, while Defendant's motion to compel deposition was still pending. [ECF Nos. 49, 51.] The motion to substitute formally informed opposing counsel and the Court that Mr. Nilon no longer wished to perform his duties as a class representative and wanted to officially withdraw from this role.

The District Court had not yet ruled on the motion for substitution when the court ruled that a deposition of the class representative must go forward. Plaintiff's attorney, therefore, used the time in July and August to try to regain contact with Mr. Nilon by telephone, by mail and by sending an investigator to his home.[3] [*See* Ferrell Decl. in support of Opp'n, ECF No. 68-1 at ¶¶4-7.] Defendant does not dispute that Plaintiff's attorney made these various attempts at contact.[4] Unfortunately, none of these approaches was fruitful. As a result, on August 15, 2014, Plaintiff's counsel filed the motion to withdraw as counsel of record for Mr. Nilon. [ECF No. 61.] The motion to withdraw, as well as the motion to substitute class representative, was granted by the District Court just five days later on August 20, 2014. [ECF No. 62.]

Defendant's motion for contempt asks the court to beat a dead horse by now sanctioning Mr. Nilon's *former* counsel for its failure to secure the deposition of a

---

[2] The current class representative Giovanni Sandoval was scheduled for deposition on October 24, 2014. Ferrell Decl. in support of Opp'n, ECF No. 68-1 at ¶8.

[3] The court took this matter under submission based on the briefing and declarations filed in support. ECF No. 71; *see Peterson v. Highland Music*, 140 F.3d 1313, 1324 (9th Cir. 1998) ("[W]here ...affidavits offered in support of a finding of contempt are uncontroverted, ... a district court's decision not to hold a full-blown evidentiary hearing does not violate due process.)

[4] Natural-Immunogenics did not file a reply brief in support of its Motion for Contempt.

5

1  *former* class representative despite the fact that Attorney Ryan Ferrell substantially
2  complied with the court's July 31, 3014 order by making repeated phone calls, mailing
3  three letters and sending an investigator to Mr. Nilon's last known address to establish
4  compliance before the fast approaching August 15, 2014 deadline.  It is the court's
5  view that the Newport Trial Group's several, yet unsuccessful, attempts to track Mr.
6  Nilon down for deposition in the short few days before he was formally substituted out
7  as class representative and counsel was formally relieved of their duties as his attorney
8  constitute exactly the type of technical violation that does not support a finding of civil
9  contempt.  **IT IS THEREFORE RECOMMENDED** that Defendant's Motion for
10 Contempt and Sanctions be **DENIED.**

**V.  CONCLUSION**

As detailed above, the undersigned Magistrate Judge **RECOMMENDS** that Natural-Immunogenics' Motion for Contempt and Imposition of Sanctions against Newport Trial Group attorneys Scott Ferrell, Ryan Ferrell and Victoria Knowles be **DENIED**.  This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. section 636(e).[5]

**IT IS ORDERED** that no later than **November 14, 2014** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

///
///
///
///
///

---

[5] As provided in 28 U.S.C. § 636(e), this court does not have authority to issue contempt sanctions.  Only the District Judge has the authority to enter a finding of contempt when the parties have not consented to the magistrate judge presiding over all proceedings. 28 U.S.C. § 636(e)(6)(B).

    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **November 28, 2014**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

DATED: October 30, 2014

*[signature]*
Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court