**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW NILON, individually and on behalf of all other similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>NATURAL-IMMUNOGENICS CORP.; and DOES 1-25, Inclusive,<br><br>        Defendant.<br>_____ | Case No: 3:12-cv-00930-LAB (BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT AND MONETARY SANCTIONS**<br><br>**[ECF No. 74.]** |

## I. INTRODUCTION

Pending before the Court is Plaintiff's Motion for Contempt and Imposition of Sanctions against attorney Carlos Negrete. Plaintiff seeks to hold Defendant's counsel in contempt for failure to comply with the October 27, 2014 Order of the Court requiring Defendant to produce its California sales figures pursuant to protective order. [ECF No. 74.] On December 16, 2014, the Honorable Larry A. Burns, referred Plaintiff's motion for contempt and monetary sanctions for decision. [ECF No. 75 at 1:19-20.] After careful consideration of the parties' briefing and exhibits filed in support, Plaintiff's Motion for Contempt and Monetary Sanctions is **DENIED.**

## II.  PROCEDURAL AND FACTUAL BACKGROUND

On October 27, 2014, the Court granted Plaintiff's motion to compel California sales figures from defendant Natural Immunogenics. [ECF No. 72.] As part of the Court's order, counsel for the parties were ordered to meet and confer about the production of the sales figures pursuant to protective order on or before November 5, 2014. Defendant was also given until November 21, 2014, to produce the California sales figures. *Id.*

Counsel met and conferred about the supplemental production, albeit two weeks after the Court-ordered deadline to do so, on December 4, 2014. The following issue arose in the meet-and-confer process: Defendant contended that it needed to establish a class period for searching the Natural Immunogenics' sales database and proposed March 5, 2008 to September 14, 2012. Plaintiff's counsel disagreed with that time frame and suggested a class period of March 4, 2008 to September 24, 2014.

The District Court certified this case for class treatment on April 15, 2014. [ECF No. 41.] The certified class as defined in Judge Burns' Order granting Plaintiff's motion for class certification is as follows: "All persons located within California who purchased any Sovereign Silver Products either from a retail location or over the internet at any time **during the four years preceding the filing of this complaint through the date of trial in this action**." *Id.* at 5:16-18 (emphasis added).

Despite the District Court's order of April 15, 2014, which clearly states the parameters of the class period at issue in this case, and *which this court referenced in its own Order granting Plaintiff's motion to compel*, [ECF No. 72 at 5:25-6:2], counsel could not come to an agreement as to the proper time period to be searched. Defendant argues that this inability to agree on a time period has prevented it from producing sales figures. Specifically, Defendant argues its computer system is not designed to identify the sales from only one particular state, so it has to hire an outside information technology firm to reconfigure Defendant's software in order to formulate the California figures ordered by the Court and it needs a designated time period to make

the search of its database feasible.

Instead of jointly contacting the chambers of Judge Skomal regarding this dispute, which clearly concerns discovery and Judge Skomal's October 27, 2014 Order requiring Defendant to produce California sales figures, Plaintiff filed a Motion for Contempt and Imposition of Sanctions for the attention of the District Court on December 8, 2014. [ECF No. 73.] This conduct violated Judge Skomal's chambers rules which require counsel to jointly contact the Court when they have not resolved a discovery dispute. In fact, neither party, either jointly or separately, contacted Judge Skomal to report the class period discovery dispute. As a result and as noted in the Introduction section above, Judge Burns referred Plaintiff's improperly filed motion for contempt and monetary sanctions to Judge Skomal for decision on December 16, 2014. [ECF No. 75 at 1:19-20.]

## III.  STANDARD OF REVIEW

Judge Skomal's chambers rules and Civil Local Rule 26.1 require counsel to meet and confer in-person or telephonically concerning any disputed issue before the Court will entertain a motion. Civ. Local R. 26.1(a). Judge Skomal's chambers rules state in pertinent part: "If the parties have not resolved any dispute pertaining to Rule 26 through 37 and Rule 45, Fed. R. Civ. P., through the meet and confer process, counsel for all interested parties must promptly and jointly contact Judge Skomal's chambers....The Court will either set a telephonic discovery conference or advise the parties to file a motion."

## IV.  DISCUSSION

Over the course of discovery in this matter, it has become apparent that counsel for the parties are hostile toward each other and refuse to work together to follow the chambers' rules, which were designed to facilitate cooperation and streamline the often arduous discovery process. The impasse facing counsel concerning the dates of the class period could have easily been resolved by reference to Judge Burn's April 15, 2014 Order or Judge Skomal's October 27, 2014 Order granting Plaintiff's motion to

compel. [ECF No. 41 at 5:16-18; ECF No. 72 at 5:25-6:2].  Instead of contacting the court for guidance on the parameters of the class period for purposes of this discovery, plaintiff's counsel ignored Judge Skomal's chambers' rules and filed a discovery motion masked as a motion for contempt and imposition of sanctions directly with the District Judge.  This behavior was an unnecessary and counter productive reaction to a legitimate, but minor discovery dispute.  Plaintiff's motion was improperly filed and had he filed it directly with Judge Skomal, instead of attempting to circumvent the rules, it would have been rejected upon discrepancy order.  Plaintiff's motion for contempt and sanctions was unauthorized and is not properly before the Court.  The Court rejects Plaintiff's attempt to turn a simple discovery dispute into a needless motion for contempt and sanctions.  Accordingly, Plaintiff's motion for contempt and sanctions[1] is **DENIED** for failure to follow the Court's discovery motion procedures.

---

[1] In Plaintiff's motion, it requests the District Court reconsider that portion of Judge Skomal's October 27, 2014 Order granting Plaintiff's motion to compel which denied to award sanctions against defense counsel for failure to produce national sales figures as requested by Plaintiff's Request for Production 44 through 48.  Plaintiff's request for reconsideration is denied because: (1) the request is untimely under Judge Burns' chambers' rule 9(a) and Fed. R. Civ. P. 72 (a) which sets a 14-day deadline for filing an objection to the Magistrate Judge's discovery ruling; and (2) the request does not identify newly-discovered evidence, clear error or a change in controlling law warranting reconsideration. Specifically, Plaintiff argues Judge Skomal did not take into account the tolling it gave to the parties when it found an award of sanctions against defendant counsel would be unjust in its October 27, 2014 Order. Plaintiff's counsel is incorrect. As detailed in the October 27, 2014 Order, the Court found two applicable exceptions to an imposition of sanctions; one exception was based on the merits of the discovery dispute and the second exception was based on the timing of the dispute. The Court correctly found: (a) there was substantial justification for the dispute that weighed against the imposition of sanctions because Plaintiff's RFPs were overbroad and irrelevant, and (b) an award of expenses would be unjust where the parties did not notify the Court that a supplemental production of sales figures would fall past the 30-day deadline to notify the Court of a discovery dispute. Plaintiff's reference to the Court's grant of a eight-day tolling period from July 22nd to July 30, 2014 to notify it of a discovery dispute has absolutely no bearing on an undefined agreement between counsel to make a supplemental production that was scheduled to occur *three weeks after the July 30, 2014 tolling period expired* on either August 21, 2014, [ECF No. 66-1 at 4-5] or within five days of the District Court's ruling on Plaintiffs' Motion to Substitute Class Representative in this action, which would have occurred on or about August 27, 2014. [ECF No. 69 at 3.]

## V. CONCLUSION

As detailed above, Plaintiff's motion for contempt and imposition of sanctions is **DENIED**.

As to the parties' unresolved discovery dispute, **IT IS FURTHER ORDERED** that **no later than February 17, 2015,** Defendant's counsel shall produce Natural Immunogenics' California sales figures from March 4, 2008 to September 24, 2014, which is the time period suggested by Plaintiff's counsel and is in accordance with Judge Burns' April 15, 2014 Order. *See* ECF No. 41 at 5:16-18 (defining the class as "All persons located within California who purchased any Sovereign Silver Products either from a retail location or over the internet at any time **during the four years preceding the filing of this complaint through the date of trial in this action**.") (emphasis added); *see also* ECF No. 41 at 14:16-19 (certifying the putative class in this case).

DATED:  February 3, 2015

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court