**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW NILON, individually and on behalf of all other similarly situated,<br><br>              Plaintiff,<br><br>vs.<br><br>NATURAL-IMMUNOGENICS CORP.; and DOES 1-25, Inclusive,<br><br>              Defendant.<br>_____ | Case No: 3:12-cv-00930-LAB (BGS)<br><br>**REPORT AND RECOMMENDATION RE: DENIAL WITHOUT PREJUDICE OF PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS**<br><br>**[ECF No. 74.]** |

## I.  INTRODUCTION

Pending before the Court is Plaintiff's Motion for Imposition of Terminating Sanctions. [ECF No. 74.] On December 16, 2014, the Honorable Larry A. Burns, referred Plaintiff's terminating sanctions motion for Report and Recommendation. [ECF No. 75 at 1:22-24.] The Court **RECOMMENDS** Defendant's Motion for Terminating Sanctions be **DENIED without prejudice.**

///

///

///

## II. PROCEDURAL AND FACTUAL BACKGROUND

On October 27, 2014, the Court granted Plaintiff's motion to compel California sales figures from defendant Natural Immunogenics. [ECF No. 72.] As part of the Court's order, counsel for the parties were ordered to meet and confer about the production of the sales figures pursuant to protective order on or before November 5, 2014. Defendant was also given until November 21, 2014, to produce the California sales figures. *Id.*

Counsel met and conferred about the supplemental production, albeit two weeks after the Court-ordered deadline to do so, on December 4, 2014. The following issue arose in the meet-and-confer process: Defendant contended that it needed to establish a class period for searching the Natural Immunogenics' sales database and proposed March 5, 2008 to September 14, 2012. Plaintiff's counsel disagreed with that time frame and suggested a class period of March 4, 2008 to September 24, 2014.

Despite the District Court's order of April 15, 2014[1], which clearly states the parameters of the class period at issue in this case, and *which this court referenced in its own Order granting Plaintiff's motion to compel*, [ECF No. 72 at 5:25-6:2], counsel could not come to an agreement as to the proper time period to be searched.

Instead of jointly contacting the chambers of Judge Skomal regarding this dispute, which clearly concerns discovery and Judge Skomal's October 27, 2014 Order requiring Defendant to produce California sales figures, Plaintiff filed a Motion for Contempt and Imposition of Sanctions for the attention of the District Court on December 8, 2014. [ECF No. 73.] This conduct violated Judge Skomal's chambers rules which require counsel to jointly contact the Court when they have not resolved a

---

[1] The District Court certified this case for class treatment on April 15, 2014. [ECF No. 41.] The certified class as defined in Judge Burns' Order granting Plaintiff's motion for class certification is as follows: "All persons located within California who purchased any Sovereign Silver Products either from a retail location or over the internet at any time **during the four years preceding the filing of this complaint through the date of trial in this action**." *Id.* at 5:16-18 (emphasis added).

discovery dispute.  In fact, neither party, either jointly or separately, contacted Judge Skomal to report the class period discovery dispute.  As a result and as noted in the Introduction section above, Judge Burns referred Plaintiff's improperly filed motion for contempt and monetary sanctions to Judge Skomal for decision on December 16, 2014.  [ECF No. 75 at 1:19-20.]

On February 3, 2015,[2] the Court denied Plaintiff's motion for contempt and imposition of sanctions and ordered Defendant to produce Natural Immunogenics' California sales figures from March 4, 2008 to September 24, 2014, no later than February 17, 2015.  [ECF No. 83.]

## III.  STANDARD OF REVIEW

Rule 37 of the Federal Rules of Civil Procedure gives the court discretion to dismiss an action in whole or part if a party fails to comply with an order compelling discovery.  Fed.R.Civ.P. 37(b)(2)(v).

In determining whether to impose terminating sanctions, the court weighs the following five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Considerations used to assess the fifth factor include whether the court has suggested and used lesser sanctions and whether it warned the non-compliant party that case-dispositive sanctions could result in response to non-compliance.  *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir.2007).

---

[2] Judge Skomal ordered: "[N]**o later than February 17, 2015,** Defendant's counsel shall produce Natural Immunogenics' California sales figures from March 4, 2008 to September 24, 2014, which is the time period suggested by Plaintiff's counsel and is in accordance with Judge Burns' April 15, 2014 Order.  *See* ECF No. 41 at 5:16-18 (defining the class as "All persons located within California who purchased any Sovereign Silver Products either from a retail location or over the internet at any time **during the four years preceding the filing of this complaint through the date of trial in this action**.") (emphasis added); *see also* ECF No. 41 at 14:16-19 (certifying the putative class in this case).

## IV. DISCUSSION

Case law indicates that terminating sanctions are a severe remedy and suggests that they should only be imposed when a party's noncompliance with a discovery order is "due to willfulness, bad faith, and fault." *New Images of Beverly Hills*, 482 F.3d at 1096; *Computer Task Group v. Brotby*, 364 F.3d 1112, 1115 (9th Ci r.2004) (quoting *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir.1997)).

However, willfulness and bad faith on the part of Defendant's counsel have not been shown at this time. Plaintiff's motion for terminating sanctions is based upon a simple discovery dispute that was magnified by Plaintiff's counsel when he did not follow the Magistrate Judge's procedures for bringing a discovery dispute to the Court's attention and instead filed a motion for contempt, monetary sanctions and terminating sanctions.

Plaintiff's counsel did not seek the Court's guidance and assistance in receiving the discovery that had been ordered. Under these circumstances, the court cannot recommend that dismissal of this action and entry of judgment on behalf of Plaintiff is warranted at this time. This is especially true in light of the fact that less drastic measures have recently been implemented that will likely solve Plaintiff's concern that he has not received the sales figures he needs to determine restitution for the California class. Specifically, the court in its February 3, 2015 Order, issued guidance to the parties that defined the time period for which California sales figures must be provided and instructed defendant to produce the materials no later than February 17, 2015. Plaintiff will have the information he needs shortly, which supports the public policy favoring disposition of cases on their merits

In addition, the factors of expeditious resolution, docket management and prejudice to plaintiff do not weigh in favor of terminating sanctions as discovery is still underway and the opportunity for an extension of the deadlines set forth in the court's scheduling order is available upon a showing of good cause. Therefore, the Court

**RECOMMENDS** Plaintiff's motion for terminating sanctions be **DENIED without prejudice** at this time.  If Defendant fails to produce the ordered discovery in disregard of the Court's latest order, Defendant has been warned of the risk of case-dispositive sanctions and Plaintiff is free to raise the issue of terminating sanctions again, provided he follows the Court's chambers and local rules.

## V.  CONCLUSION

As detailed above, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Motion for Imposition of Terminating Sanctions be **DENIED without prejudice**.  This Report and Recommendation is submitted to the United States District Judge assigned to this case.

**IT IS ORDERED** that no later than **February 19, 2015** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 5, 2015**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

DATED: February 5, 2015

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court