# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW NILON, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　vs.<br>NATURAL-IMMUNOGENICS CORP.,<br><br>　　　　　　　Defendant. | CASE NO. 3:12-CV-00930-LAB (BGS)<br>**ORDER OF DISMISSAL** |

The Court issued a tentative order vacating class certification and dismissing this case without prejudice. (Docket no. 117.) The Plaintiff filed a response, agreeing with the Court's tentative order. (Docket no. 118) ("Plaintiff is in agreement with the Court that the best course of action at this time is to decertify the class action, dismiss Plaintiff's claims with prejudice, and dismiss the class claims without prejudice."). Natural-Immunogenics filed a reply, agreeing the case should be dismissed, but arguing the Court should enter sanctions against Plaintiff's counsel and find that Plaintiff's counsel is inadequate to represent the class. (Docket no. 119.) It contends "[o]nly that Order would prevent Plaintiff's counsel from simply refiling on behalf of another purported class representative, which would then force Defendant NIC to incur duplicative litigation costs." *Id.* at 2.

For the reasons stated in the tentative order, class certification is **VACATED**, Plaintiff Giovanni Sandoval's claims are **DISMISSED WITH PREJUDICE** and the class claims are **DISMISSED WITHOUT PREJUDICE**.

Because Natural-Immunogenics also contributed to the delay in this case, the Court is not inclined to issue monetary sanctions. The Court ordered the parties "to schedule a deposition of Sandoval forthwith." (Docket no. 62.) Both parties ignored that warning. Had Natural-Immunogenics acted with more diligence, it could have avoided the expenses it seeks to recover. The Court **DENIES** the request for monetary sanctions without prejudice. Natural-Immunogenics may bring the same motion before Magistrate Judge Bernard G. Skomal.

While the arguments in Natural-Immunogenics' reply are troubling, the Court declines to comment further on Plaintiff's counsel's adequacy to represent the class. The Court's tentative order remains in place. If Plaintiff's counsel brings the same case again, the relevant court can review the tentative order and make its own adequacy determination. The Court **DENIES AS MOOT** the request to find Plaintiff's counsel inadequate.

**IT IS SO ORDERED**.

DATED: May 20, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN Burns**
United States District Judge