**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW NILON, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>NATURAL-IMMUNOGENICS CORP.; and DOES 1-25, Inclusive,<br><br>    Defendant.<br><br>_____ | Case No: 3:12-cv-00930-LAB (BGS)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS**<br><br>**[ECF No. 123]** |

## I.  Introduction and Procedural Background

On May 22, 2015, the Honorable Larry A. Burns issued an Order of Dismissal in this case and a Clerk's Judgment was entered that same day dismissing Plaintiff Giovanni Sandoval's claims with prejudice and dismissing class claims without prejudice.  [ECF No. 120-121.]  The Order of Dismissal was unique in that it denied a request by Defendant for sanctions under against Plaintiff's counsel and law firm, but also stated "Natural Immunogenics may bring the same motion before Magistrate Judge Bernard G. Skomal".  [ECF No. 120 at 2:6-7.]

The "same motion" to which Judge Burns referred in his Dismissal Order was

Defendant's request to sanction the law firm of Plaintiff's counsel, Newport Trial Group, and Plaintiff's attorney, Ryan Ferrell. The sanctions' request was based on allegations of bad faith, improper conduct and recklessness by Plaintiff's counsel during discovery and over the course of litigation. [ECF No. 119 at 5:14-7:21, 9:1-9.] The sanctions' request was not, however, a proper motion under Rule 11 because it was made in a reply brief in response to Judge Burns' tentative order to dismiss the case. (ECF No. 119; *see* Fed. R. Civ. P. 11(c)(2) requiring a motion for sanctions to be "made separately from any other motion."; *see also* Fed. R. Civ. P. 11 advisory committee's note stating "requests for sanctions must be made as a separate motion, *i.e.* not simply included as an additional prayer for relief contained in another motion.").

In the reply brief, defense counsel argued that Judge Burns had the authority to sanction Plaintiff's counsel and law firm under: (1) Rule 11; (2) the Court's inherent powers; and (3) 28 U.S.C. § 1927. Specifically, Defendant requested sanctions for: (1) Plaintiff counsel's failure to conduct a reasonable inquiry into Plaintiff Giovanni Sandoval's residency in California before filing a Second Amended Complaint; (2) making a false statement regarding Sandoval's residency in a pleading; (3) failing to notify the Court upon learning of Sandoval's residency in Arizona; and (4) refusing to provide Sandoval's contact information during discovery. Defendant contended that had Judge Burns known of Sandoval's residency in Arizona, he would have denied Plaintiff's motion to substitute Plaintiff Sandoval for Plaintiff Nilon and this case would have been dismissed in August 2014. [ECF No. 119 at 5:19-6:2.] From this chain of events, Defendant argued Plaintiff's counsel's conduct was indicative of bad faith and multiplied the proceedings vexatiously. [ECF No. 119 at 4:12-18; 5:6-11; 9:3-9.]

///

///

///

Judge Burns denied Defendant's sanctions' request without prejudice explaining:

> "The Court issued a tentative order vacating class certification and dismissing this case without prejudice. (Docket no. 117.) The Plaintiff filed a response, agreeing with the Court's tentative order. (Docket no. 118) ("Plaintiff is in agreement with the Court that the best course of action at this time is to decertify the class action, dismiss Plaintiff's claims with prejudice, and dismiss the class claims without prejudice."). Natural-Immunogenics filed a reply, agreeing the case should be dismissed, but arguing the Court should enter sanctions against Plaintiff's counsel....Because Natural-Immunogenics also contributed to the delay in this case, the Court is not inclined to issue monetary sanctions. The Court ordered the parties "to schedule a deposition of Sandoval forthwith." (Docket no. 62.) Both parties ignored that warning. Had Natural-Immunogenics acted with more diligence, it could have avoided the expenses it seeks to recover."

[ECF No. 120 1:16-2:5.]

On June 24, 2015, Defendant filed a separate motion for sanctions to the attention of Judge Skomal.  [ECF No. 122.]  On July 17, 2015, Plaintiff's counsel filed an opposition brief.  [ECF No. 123.]  Defendant filed a reply in support of its sanctions' motion on July 24, 2015.  [ECF No. 124.]  For the reasons stated herein, Defendant's Motion for Sanctions is **DENIED**.

## II.  Parties' Arguments

### A.  Nilon's Motion for Sanctions

In the sanctions motion at issue, as in the previously denied request for sanctions, Defendant argues Plaintiff's counsel should have known that substituted Plaintiff, Giovanni Sandoval, was not a resident of San Diego County, California, but a resident of Arizona, and therefore failed under Rule 11 to conduct a reasonable inquiry before filing the Second Amended Complaint ("SAC") asserting a California class. [ECF No. 122-1 at15:10-17:22.]  Defendant also argues: (1) Plaintiff's SAC was false, frivolous and improper in that its false statements regarding residency unnecessarily prolonged this litigation; and (2) Plaintiff included false statements in his motion to substitute class representative, his opposition to Defendant's motion to strike and his response to Judge Burns' tentative Order, [ECF No. 122-1 at 6:12-710; 16:4-17:1.]

3

Defendant requests monetary sanctions under Rule 11, 28 U.S.C. § 1927, and the Court's inherent power for an alleged pattern of conduct during this litigation that vexatiously multiplied proceedings.   [ECF No. 122-1 at 18:13-25:19.]   Specifically, Defendant contends Plaintiff's counsel failed to disclose Sandoval's address and name as required by Rule 26(a)(1); failed to respond to informal requests for Sandoval's name and address; asserted privilege objections at Sandoval's deposition in order to allegedly conceal the circumstances surrounding Sandoval's entrance as a plaintiff in this case; and refused to stipulate to basic facts collected during Sandoval's deposition. [ECF No. 122-1 at 8:6-10:24.]

### B. *Plaintiff's Opposition*

Plaintiff's counsel opposes Defendant's motion for sanctions on the following grounds: (1) Defendant did not comply with Rule 11's safe-harbor requirements; (2) Defendant has failed to demonstrate a violation of Rule 11 on the part of Plaintiff's counsel; (3) Plaintiff's counsel's pleadings were not improper or false; (4) the allegedly false statement concerning Plaintiff Sandoval's residency in California did not increase litigation costs; (5) Defendant's sanctions motions is stale; (6) there is no need for the Court to use its inherent power to sanction because Judge Burns' dismissal of Plaintiff's Second Amended Complaint is equivalent to terminating sanctions; and (7) Attorney Ryan Ferrell's conduct was neither reckless, nor in bad faith; therefore, sanctions under section 1927 or the Court's inherent power are not warranted.

## III.  Discussion

Defendant requests monetary sanctions under Rule 11, 28 U.S.C. § 1927, and the Court's inherent power.  The various requirements for an award of sanctions under each of these three authorities is discussed *seriatim* herein.

### A. *Rule 11 of the Federal Rules of Civil Procedure*

Rule 11 authorizes the imposition of deterrent sanctions and provides as follows:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

c) Sanctions.

(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) Limitations on Monetary Sanctions. The court must not impose a monetary sanction:

(A) against a represented party for violating Rule 11(b)(2); or

(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) Requirements for an Order. An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

(d) Inapplicability to Discovery. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

*See* Fed.R.Civ.P. 11.(b)-(c).

The United States Magistrate Judge has authority to determine any pretrial motions, including discovery motions, other than the dispositive motions listed in 28 U.S.C. § 636(b)(1)(A).[1]  *See* Civil Local Rule 72.1(b).  Given the authority conferred to a magistrate judge to determine discovery motions, it is likely that the District Court, in remarking that Plaintiff might consider bringing a sanctions motion before Judge Skomal, felt the court most familiar with the parties' behavior in discovery would be the most appropriate to rule on a sanctions motion based in large part on conduct exhibited during discovery.  However, under section (d), Rule 11 sanctions cannot be imposed based on alleged improprieties in discovery because Rules 26 through 37 of the Federal Rules of Civil Procedure set forth the available sanctions for discovery abuses.  *See e.g. Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2011) (explaining "Rule 11(d) specifically exempts discovery motions and objections from its procedural requirements."); *see also Christian v. Mattel*, 286 F.3d 1118, 1131 (9th Cir. 2002) (reversing imposition of Rule 11 sanctions because the award was based, in part, on discovery abuse).  In light of Rule11's express instruction that sections (a), (b) and (c) have no applicability to discovery issues, the Court **DENIES** Defendant's

---

[1] 28 U.S.C. § 636(b)(1)(A) states: "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

sanctions motion under Rule 11 where it is based on discovery; namely, (1) failure to disclose Sandoval's address and name as required by Rule 26(a)(1); (2) failure to respond to informal requests for Sandoval's name and address; (3) asserting privilege objections at Sandoval's deposition; and (4) refusing to stipulate to facts collected during Sandoval's deposition. Defendant should have addressed the issues it had with Plaintiff's counsel's behavior with respect to discovery issues through the use of Rules 26(g), 30(d) or 37 of the Federal Rules of Civil Procedure, but it did not.

Moreover, Defendant's grievances with respect to Plaintiffs' counsel's conduct during discovery should have been raised at the time they occurred; these objections are inexplicably late and are **DENIED**. Judge Skomal's chambers rules require discovery disputes to be brought to the court's attention within 30 days of an impasse absent good cause. In this case, the Court was never notified about disputes with respect to the parties' Rule 26 disclosures or problems during and after Sandoval's deposition. As Judge Burns noted in his Order, Defendant "contributed to the delay in this case ... [h]ad Natural Immunogenics acted with more diligence, it could have avoided the expenses it seeks to recover." [ECF No. 120 at 2:1-5.]; *see also* Fed. R. Civ. P. 11 advisory committee's note stating that the purpose of Rule 11 is to deter and "should not provide compensation for services that could have been avoided by an... earlier challenge...".

With respect to Defendant's contention that Plaintiff's counsel and his law firm should be also sanctioned under Rule 11 for: (1) failure to conduct a reasonable inquiry before filing the SAC and (2) including false statements in the SAC, the motion to substitute class representative, the opposition to Defendant's motion to strike and the response to Judge Burns' tentative Order, the Court **DENIES** Defendant's motion for Rule 11 sanctions. As explained expressly in the text of Rule 11 itself, the nature of this type of sanction is "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ.P. 11(c)(4). The record reflects that Judge Burns has already imposed an appropriate sanction with deterrent

7

effect by dismissing Plaintiff Giovanni Sandoval's claims with prejudice and dismissing class claims without prejudice.  No further sanctions under Rule 11 are warranted.

In its reply brief, Defendant argues that Judge Burns found several Rule 11 violations as referenced in the District Court's tentative order[2] to vacate class certification and dismiss; therefore, this Court's only task is to determine the amount of monetary sanctions to award.   [ECF No. 124 at 6.]  Defendant is incorrect.  In his Order of Dismissal, Judge Burns neither awarded monetary sanctions to Defendant, nor referred the present motion for report and recommendation on an amount of monetary sanctions to award.  [ECF No. 120.] To the contrary, in the dismissal order Judge Burns clearly denied Defendant's request for monetary sanctions.  *Id.* at 2:5.

Further, it is clear that Defendant's sanction motion was not referred because nowhere in the document does it state that the matter was referred for proposed findings of fact and recommendation.  *Id*. at 2:6.  The District Court is expert in the proper way to refer matters to the Magistrate Judge.  *See* Judge Burn's previous order of referral at ECF No. 75 at 1:22-24.  The current sanctions motion is directed to this Court for its decision.  Moreover, regardless of whether Judge Burns found a Rule 11 violation or this Court finds a violation, the court is not required to award monetary sanctions under the Rule.   The language of the Rule is not mandatory, it is discretionary and expressly provides that "the court *may* impose an *appropriate* sanction."  *See* Fed. R. Civ. P. 11(c) (emphasis added).  Indeed, the advisory committee's note instructs that "[t]he court has significant discretion in determining what sanctions, *if any*, should be imposed for a violation...."  Fed. R. Civ. P. 11 advisory committee's note (emphasis added).  This Court has carefully reviewed the parties' briefing, exhibits and the record before it and hereby determines that the appropriate sanctions to deter Plaintiff's counsel, i.e. decertification and dismissal,

---

[2] *See* ECF No. 117 for Judge Burns tentative order dated May 18, 2015.

have already been meted out.  As stated above, Defendant's motion for Rule 11 sanctions is **DENIED.**   (*See also* Fed. R. Civ. P. 11 advisory committee's note explaining: "The rule does not attempt to enumerate ... what sanctions would be appropriate in the circumstances; but for emphasis, it does specifically note that a sanction may be nonmonetary....").

### B.  Sanctions Pursuant to 28 U.S.C. 1927

Section 1927 of the United States Code entitled "Counsel's liability for excessive costs" provides as follows:

> "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

28 U.S.C. 1927

Accordingly, the statute authorizes an award of attorney's fees where an attorney has multiplied the proceedings in a case to increase costs unreasonably and vexatiously.   The Ninth Circuit has explained unreasonable and vexatious conduct as follows: "Section 1927 sanctions must be supported by a finding of subjective bad faith.  Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Management Co.*, Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996)(citations and internal quotations omitted).

In keeping with its statutory purpose to reduce excess costs, any amount awarded under Section 1927 must reflect fees that were actually and reasonably incurred as a result of the misconduct that multiplies the proceedings. *Matter of Yagman*, 796 F.3d 1165, 1184 (9th Cir. 1986).

The Court finds that sanctions under Section 1927 are not appropriate under the

9

circumstances of this case because Defendant has not proven the first requirement of the statute; namely that misconduct by Plaintiff's counsel multiplied the proceedings in this case. *See* Gregory P. Joseph, Sanctions: the Federal Law of Litigation Abuse §23(A)(1) (4th Ed. Supp. 2012) (explaining "the four elements prerequisite to the imposition of sanctions under § 1927 are: (1) multiplication of proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct."). A review of the entire record demonstrates that this case has been prolonged due to the actions of *both* Defendant's counsel and Plaintiff's counsel. If, as Judge Burns' noted in his Order of Dismissal, defense counsel had been diligent early on in deposing Plaintiff before November 3, 2014, (as originally ordered by the Court) instead of waiting more than five months after that deadline to do so on April 20, 2015, some of the filings which Defendant now characterizes as excess may have been avoided, or at the very least, conducted at an earlier point in time in order to resolve this case. The Court will not reward defendant's counsel with attorney's fees when its failures also contributed, in significant part, to the delays in this case. Accordingly, Defendant's motion for sanctions under Section 1927 is **DENIED.**

### C. *The Court's Inherent Power to Sanction*

The Supreme Court in *Chambers v. Nasco, Inc*., 501 U.S. 32, 43 (1991), has explained that the court has a power to sanction that is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* Inherent powers are to be "exercised with restraint and discretion". *Id.* at 44. Furthermore, the Court's inherent power requires a finding of bad faith for an award of attorney's fees. *Id*. at 45-50; *see also Fink v. Gomez,* 239 F.3d 989 (9th Cir. 2001)("bad faith is required for sanctions under the Court's inherent power.")

As noted above, the Supreme Court advises that a court must "exercise caution

in invoking its inherent power" and has explained that court "ordinarily should rely on the Rules rather than the inherent power" to impose sanctions. *Id.* at 50 (stating that "if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the Court may safely rely on its inherent power.").

The Court has reviewed the parties' briefing as well as the record in this case and declines to exercise its inherent power to sanction Plaintiff's counsel for issues that could have been readily addressed by the existing Rules of Federal Civil Procedure if they been raised in context and in a timely manner. Accordingly, Defendant's motion for sanctions under this Court's inherent power is **DENIED.**

## IV. Conclusion

This Court has carefully considered the parties' briefing, exhibits and the record in this case and hereby determines that the decertification and dismissal previously ordered by Judge Burns was an appropriate sanction to deter Plaintiff's counsel under Rule 11. Accordingly Defendant's motion for sanctions under Rule 11 is **DENIED**. It is further ordered that Defendant's motion is under 28 U.S.C. § 1927 is **DENIED** for failure to establish the prerequisite element that Plaintiff's counsel's conduct multiplied proceedings. Finally, it is ordered that Defendant's motion for sanctions pursuant to the Court's inherent power is **DENIED** as unwarranted in light of the sanctions already imposed and the existence of various rules currently in place to address the conduct complained of by Defendant.

DATED:  October 28, 2015

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court